UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
                                           :
SABIRE WILSON,                             :
                        Plaintiff,         :
                                           :    10 Civ. 7364 (DLC)
            -v-                            :
                                           :    OPINION & ORDER
PHOENIX HOUSE and SYDNEY HARGROVE,         :
                        Defendants.        :
                                           :
-------------------------------------------X


APPEARANCES:

For plaintiff:

Sabire Wilson, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

For defendants:

Anna Avarsin Higgins
Smith Mazure Director Wilkins Young & Yagerman, P.C.
111 John Street
New York, NY 10038


DENISE COTE, District Judge:

        Pro se plaintiff Sabire Wilson ("Wilson") brings this

action pursuant to 42 U.S.C. § 1983 against Phoenix House, an

in-patient substance abuse treatment center to which Wilson was

confined pursuant to New York's Drug Treatment Alternative to

Prison ("DTAP") program, and Sidney Hargrove ("Hargrove"), a

Phoenix House unit director.  Wilson alleges that the defendants

violated the Equal Protection Clause of the Fourteenth Amendment

and the New York Human Rights Law, N.Y. Exec. Law § 296
(McKinney 2010) ("NYHRL"), when they denied Wilson, a male-to-
female transgender, admission to a female support group and
subsequently discharged her from the DTAP program at Phoenix
House.  Wilson also brings a false advertising claim against the
defendants.  Defendants have moved to dismiss plaintiff's claims
on a number of grounds, including, <u>inter</u> <u>alia</u>: (1) that
plaintiff failed to exhaust her administrative remedies as
required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.
§ 1997e(a); and, (2) that she has failed to state a claim upon
which relief can be granted pursuant to Rule 12(b)(6), Fed. R.
Civ. P.  For the following reasons, the defendants' motion to
dismiss is granted in part.


<u>BACKGROUND</u>

     The following facts are taken from the plaintiff's January
6, 2011 amended complaint, and assumed to be true for the
purposes of this motion.  On March 27, 2008, Wilson was arrested
for drug possession.  Pursuant to a plea agreement, Wilson
entered the Manhattan DTAP program and selected Phoenix House,
an in-patient substance abuse treatment center, for her
confinement.  At her entrance interview on December 23, Wilson
told the staff that she was a male-to-female transgender with
male genitalia.  During her time at Phoenix House, Wilson was

required to sleep in male facilities and use male bathrooms, but was permitted to dress as a female.

In early January 2009, a senior counselor permitted Wilson to participate in a new gender-specific recovery group.  When the group started, some female members complained about Wilson's participation and Wilson was asked to leave.  Wilson appealed the decision to Hargrove, who said Wilson should never have been given permission to participate in the female group. Subsequently, Wilson spoke with the other female members of the group and claims that they consented to her participation. Hargrove, however, refused to permit Wilson to attend the female group.

Sometime thereafter, Hargrove convened a case conference regarding Wilson and recommended that she be transferred due to her transgender "needs."  He also contacted the District Attorney who told him that if another facility was not found for Wilson before her next court date, she would be discharged back to the court at that time.  After Wilson learned of her impending transfer, she complained to Hargrove in writing and in person.  When Wilson requested to speak to Hargrove's superior, Hargrove responded that his supervisor supported his decision and that the decision was final.  Since an alternative placement was not found, Wilson was discharged to the court.

On September 24, 2010, Wilson filed this action against
Phoenix House and Hargrove.  On December 13, the defendants
filed a motion to dismiss.  On January 6, 2011, Wilson filed an
amended complaint.  On February 9, the defendants filed a second
motion to dismiss Wilson's amended complaint.  Wilson opposed
the motion on April 8, and the motion became fully submitted on
April 25.  In a letter dated April 26, Wilson requested that the
case be dismissed without prejudice since she had limited access
to the prison law library and therefore, could not fully oppose
the defendants' motion.[1]

DISCUSSION

On a motion to dismiss the court must "accept all
allegations in the complaint as true and draw all inferences in
the non-moving party's favor."  <u>LaFaro v. New York</u>
<u>Cardiothoracic Group, PLLC</u>, 570 F.3d 471, 475 (2d Cir. 2009)
(citation omitted).  To survive a motion to dismiss, "a
complaint must contain sufficient factual matter, accepted as
true, to state a claim to relief that is plausible on its face."
<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citation

---

[1] Pursuant to Rule 41(1)(A)(i), Fed. R. Civ. P., a "plaintiff may
dismiss an action without a court order by filing . . . a notice
of dismissal before the opposing party serves either an answer
or a motion for summary judgment."  <u>Id</u>.  Since Wilson filed her
notice of voluntary dismissal after the defendants' February 9
motion to dismiss became fully submitted, she will be given
three weeks from the date of this Opinion to indicate whether
she still wishes to voluntarily dismiss this case.

omitted).  The court is "not bound to accept as true legal conclusions couched as factual allegations." Id. at 1950-51.

Pleadings filed by pro se plaintiffs are to be construed liberally.  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted).  The rule favoring liberal construction of pro se submissions is especially applicable to civil rights claims.  Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004) (citation omitted).


I.   Equal Protection Claim

Wilson brings a § 1983 claim asserting that the defendants discriminated against her on the basis of sex or sexual orientation in violation of the Equal Protection Clause.  The defendants move to dismiss this claim on several grounds, the first of which is that Wilson failed to exhaust administrative remedies, as required by the PLRA.

The PLRA applies to actions "brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility."  42 U.S.C. § 1997e(a) (emphasis supplied).  The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or

5

diversionary program."  42 U.S.C. § 1997e(h).  While confined to Phoenix House, Wilson was a "prisoner" subject to the PLRA.  <u>See Ruggiero v. County of Orange</u>, 467 F.3d 170, 175 (2d Cir. 2006) (drug treatment facility).

Before a prisoner may bring a § 1983 claim, the PLRA requires exhaustion of all administrative remedies that are "available" to the prisoner.  42 U.S.C. § 1997e(a).  But "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaint."  <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).  Defendants contend that Wilson's § 1983 claim is barred since she failed to exhaust New York City Department of Corrections ("NYCDOC") administrative remedies, specifically those provided by the five-level Inmate Grievance Resolution Program ("IGRP").  The defendants, however, have not explained whether:  (1) the IGRP procedures were available at Phoenix House; (2) Wilson had notice that NYCDOC grievance procedures applied to the DTAP program; and, (3) Wilson could use NYDOC procedures to complain of a wrong at Phoenix House. In the absence of such a showing by the defendants, dismissal on this ground must be denied at this time.

Second, defendants argue that Wilson's § 1983 claim is barred by the PLRA since Wilson's mental anguish is not based on any physical injury.  Section 1997e(e) of the PLRA prohibits

prisoners from bringing a "Federal civil action . . . for mental
or emotional injury suffered while in custody without a prior
showing of physical injury."  42 U.S.C. § 1997e(e).  Section
1997e(e), however, is not "a general preclusion of all relief if
the only injury the prisoner can claim -- other than the
intangible harm presumed to flow from constitutional injuries --
is emotional or mental."  Thompson v. Carter, 284 F.3d 411, 418
(2d Cir. 2002).  A plaintiff may still bring a claim for
injunctive or declaratory relief.  Id.  Thus, while Wilson is
barred from requesting compensatory damages, she may still be
able, as a theoretical matter, to bring a claim for injunctive
relief.

        Wilson argues that her incarceration in state prison after
being discharged from Phoenix House constitutes a physical
injury and therefore, she can receive damages.  This argument is
unavailing.  Section 1997e(e) does not define "physical injury,"
but there is no indication that continued confinement alone
fulfills this requirement.  Indeed, if confinement alone were
sufficient, § 1997e(e) would be superfluous since the PLRA only
applies to "prisoners" who are "incarcerated or detained."  Cf.
Dawes v. Walker, 239 F.3d 489, 495 (2d Cir. 2001) (Walker, C.J.
writing separately) (Congress crafted § 1997e(e) to "distinguish
meritorious prisoner claims of emotional injury from frivolous

ones; the physical injury would, in essence, vouch for the asserted emotional injury.").

Finally, defendants contend that Wilson's § 1983 claim must be dismissed because neither defendant was acting under the color of state law.  To state a claim under § 1983, a plaintiff must allege that she was injured by "either a state actor or a private party acting under color of state law."  Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002).  "If a defendant's conduct satisfies the state action requirement under the Fourteenth Amendment, then that conduct also constitutes action 'under color of' state law for purposes of § 1983." Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 229 (2d Cir. 2004).

> The actions of nominally private entities are
> attributable to the state when those actions meet one
> of three tests: 1. The compulsion test: the entity
> acts pursuant to the coercive power of the state or is
> controlled by the state, 2. The public function test:
> the entity has been delegated a public function by the
> state, or, 3. The joint action test or close nexus
> test: the state provides significant encouragement to
> the entity, the entity is a willful participant in
> joint activity with the state, or the entity's
> functions are entwined with state policies.

Hollander v. Copacabana Nightclub, 624 F.3d 30, 34 (2d Cir 2010) (citation omitted), cert. denied, 131 S. Ct. 914 (2011).  Wilson has plead a sufficiently close nexus between the state and Phoenix House such that the defendants' actions constitute "state action" for purposes of Wilson's § 1983 claim.  See West

8

v. Atkins, 487 U.S. 42, 54 (1988) (physician under contract with state to provide medical services to inmates); Kia P. v. McIntyre, 235 F.3d 749, 756 (2d Cir. 2000) (private hospital was "part of the reporting and enforcement machinery for . . . a government agency charged with detection and prevention of child abuse and neglect").

II.  False Advertising Claim

Wilson also brings a false advertising claim, alleging that she chose Phoenix House based on its representation on the Substance Abuse and Mental Health Services Administrative ("SAMHSA") website that it accepted lesbian and gay patients. The defendants have moved to dismiss this claim on the ground that plaintiff is not a consumer who was allegedly deceived by the Phoenix House advertising but a prisoner who was ordered by the state to attend the Phoenix House program.

The plaintiff's complaint is construed as a false advertising claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).  Section 43(a) of the Lanham Act provides, in relevant part:

> Any person who, on or in connection with any goods or services . . . uses in commerce . . . any . . . false or misleading description of fact, or false or misleading representation of fact, which --
>
> . . . .

> (B) in commercial advertising or promotion,
> misrepresents the nature, characteristics, qualities,
> or geographic origin of his or her or another person's
> goods, services, or commercial activities, shall be
> liable in a civil action by any person who believes
> that he or she is or is likely to be damaged by such
> act.

15 U.S.C. § 1125(a)(1).

To bring a claim of false advertising under § 43(a), a plaintiff must demonstrate:  "(1) a reasonable interest to be protected against the alleged false advertising and (2) a reasonable basis for believing that the interest is likely to be damaged by the alleged false advertising."  Famous Horse Inc. v. 5th Avenue Photo Inc., 624 F.3d 106, 113 (2d Cir. 2010).  "The 'reasonable interest' prong of this test includes commercial interests, direct pecuniary interests, and even a future potential for a commercial or competitive injury."  ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 169 (2d Cir. 2007).  Although standing for a claim under the Lanham Act does not require that the litigants be in competition, "competition [is viewed] as a strong indication of why the plaintiff has a reasonable basis for believing that its interest will be damaged by the alleged false advertising."  Famous Horse, 624 F.3d at 113.

Wilson has not plead a sufficiently commercial interest in the alleged false advertising to state a claim.  As the amended complaint explains, Wilson was ordered to participate in the Phoenix House drug treatment program as part of her sentence for

10

violation of the criminal law.  As a result, Wilson has not plead sufficient facts to meet the standing requirement for a false advertising claim under the Lanham Act.

III. State Law Claim

Wilson alleges that the defendants violated § 296(18)(2) of the NYHRL when they discriminated against her on the basis of her transgender status and failed to make reasonable accommodations for her Gender Identity Disorder.  The defendants move to dismiss this claim on the ground that § 296(18)(2) applies to landlords but not to institutions serving as correctional facilities for DTAP participants.

Section 296(18)(2) states, in relevant part:

18. It shall be an unlawful discriminatory practice for the owner, lessee, sub-lessee, assignee, or managing agent of, or other person having the right of ownership of or possession of or the right to rent or lease housing accommodations:

(2) To refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford said person with a disability equal opportunity to use and enjoy a dwelling, including reasonable modification to common use portions of the dwelling . . . .

N.Y. Exec. Law § 296(18)(2) (McKinney 2010).  The NYHRL defines "housing accommodation" as "any building, structure, or portion thereof which is used or occupied or is intended, arranged or designed to be used or occupied, as the home, residence or

11

sleeping place of one or more human beings."  N.Y. Exec. Law §
292(10) (McKinney 2010).  Defendants have not identified any
support for their argument that Phoenix House is not the "owner,
lessee, sub-lessee, assignee, or managing agent of" a "housing
accommodation" within the meaning of §§ 292(10) and 296(18)(2).
Accordingly, the defendants' motion to dismiss this claim is
denied.


CONCLUSION

     The defendants' February 9, 2011 motion to dismiss is
granted in part.  The plaintiff's claim under § 43(a) of the
Lanham Act, and her claim for compensatory damages pursuant to
§ 1983 are denied.  The remainder of Wilson's claims -- her
claim for injunctive relief pursuant to § 1983 and her NYHRL
claim -- survive.  The plaintiff shall be given three weeks to
indicate whether she wishes to voluntarily dismiss this case.  A
scheduling order will govern subsequent pre-trial proceedings in
the event the plaintiff does not advise the Court that she
wishes to dismiss this action.


          SO ORDERED:

Dated:     New York, New York
           August 1, 2011

                         _____
                              DENISE COTE
                         United States District Judge

12